IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

TERRELL WILHITE,                                   )
                                                   )
                        Plaintiff,                 )
                                                   )        Cause No. 01-01190
v.                                                 )
                                                   )
CITY OF BELLEFONTAINE NEIGHBORS,   )
et al.,                                            )
                                                   )
                        Defendants.                )

## DEFENDANT CITY OF BELLEFONTAINE NEIGHBORS
## ANSWER TO PLAINTIFF'S COMPLAINT

### INTRODUCTORY STATEMENT

COMES NOW Defendant City of Bellefontaine Neighbors, and for its Answer to Plaintiff's Complaint, states:

1.     Defendant makes no answer to paragraph 1 as said paragraph makes no specific allegations to which a response is necessary.  Insofar as the statements in paragraph 1 may allege or imply that Defendant failed to train, instruct or supervise its police officers, said allegations are denied.

2.     Defendant admits that plaintiff alleges that it brought this particular action pursuant to these provisions of the United States Constitution and the codes stated therein.

### PARTIES

3.     Defendant admits the allegations in paragraph 3.

4.     Defendant is without sufficient information to admit or deny the allegations in paragraph 4 and therefore denies same.

5.     Defendant is without sufficient information to admit or deny the allegations in paragraph 5 and therefore denies same.

6.     Defendant admits that Robert Pruett is the Chief of Police for the City of Bellefontaine Neighbors but denies the remaining allegations insofar as said allegations are argument and not the proper standard of care.

7.     Defendant denies the allegations in paragraph 7.

8.     Defendant admits the allegations in paragraph 8.

9.     Defendant makes no answer to paragraph 9 insofar as said allegations are not directed to this Defendant.

10.     Defendant is without sufficient information to admit or deny the allegations in paragraph 10 and therefore denies same.

## FACTS

11.     Defendant is without sufficient information to admit or deny the allegations in paragraph 11 and therefore denies same.

12.     Defendant is without sufficient information to admit or deny the allegations in paragraph 12 and therefore denies same.

13.     Defendant is without sufficient information to admit or deny the allegations in paragraph 13 and therefore denies same.

14. Defendant is without sufficient information to admit or deny the allegations in paragraph 14 and therefore denies same.

15.     Defendant is without sufficient information to admit or deny the allegations in paragraph 15 and therefore denies same.

16.     Defendant is without sufficient information to admit or deny the allegations in paragraph 16 and therefore denies same.

## COUNT I

17.     Defendant incorporates by reference its answers to paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18.     Defendant is without sufficient information to admit or deny the allegations in paragraph 18 and therefore denies same.

19.     Defendant is without sufficient information to admit or deny the allegations in paragraph 19 and therefore denies same.

20.     Defendant is without sufficient information to admit or deny the allegations in paragraph 20 and therefore denies same.

21.     Defendant is without sufficient information to admit or deny the allegations in paragraph 21 and therefore denies same.

22.     Defendant is without sufficient information to admit or deny the allegations in paragraph 22 and therefore denies same.

WHEREFORE, having fully answered Count I of Plaintiff's Complaint, Defendant prays to be dismissed hence with its costs.

## COUNT II

23.     Defendant incorporates by reference its answers to paragraphs 1 through 22 of this Complaint as though fully set forth herein.

24.     Defendant is without sufficient information to admit or deny the allegations in paragraph 24 and therefore denies same.

25.     Defendant is without sufficient information to admit or deny the allegations in paragraph 25 and therefore denies same.

26.     Defendant is without sufficient information to admit or deny the allegations in paragraph 26 and therefore denies same.

27.     Defendant is without sufficient information to admit or deny the allegations in paragraph 27 and therefore denies same.

28.     Defendant denies the allegations in paragraph 28.

WHEREFORE, having fully answered Count II of Plaintiff's Complaint, Defendant prays to be dismissed hence with its costs.

## COUNT III

29.     Defendant incorporates by reference its answers to paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.     Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

32.     Defendant denies the allegations in paragraph 32 of Plaintiff's Complaint.

33.     Defendant admits that Robert Pruett is the Commander in Chief of the police department and is the highest ranking police officer in

4

the department but denies that he has failed and refused to properly train, control, discipline or other control the conduct of the officers of the Bellefontaine Neighbors Police Department.

34.    Defendant admits that the City and/or Chief of Police are the policymakers for the Bellefontaine Neighbors Police Department but deny that the City of Chief Pruett failed to affirmatively act in the face of transgressions about which they knew or should have known and further deny that they condone or otherwise tolerate constitutionally violative conduct in general.   Defendant further denies each and every other allegation in paragraph 34 of Plaintiff's Complaint not specifically admitted herein.

35.    Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint.

36.    Defendant denies the allegations in paragraph 36 of Plaintiff's Complaint.

37.    Defendant denies the allegations in paragraph 37 of Plaintiff's Complaint.

38.    Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

WHEREFORE, having fully answered Count III of Plaintiff's Complaint, Defendant prays to be dismissed hence with its costs.

## COUNT IV

39.    Defendant incorporates by reference its answers to paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40.    Defendant denies the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations in paragraph 41 of Plaintiff's Complaint.

42.    Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.

43.    Defendant denies the allegations in paragraph 43 of Plaintiff's Complaint.

WHEREFORE, having fully answered Count III of Plaintiff's Complaint, Defendant prays to be dismissed hence with its costs.

## COUNT V

44.    Defendant incorporates by reference its answers to paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45.    Defendant denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations in paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations in paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations in paragraph 48 of Plaintiff's Complaint.

WHEREFORE, having fully answered Count V of Plaintiff's Complaint, Defendant prays to be dismissed hence with its costs.


/s/ Lawrence B. Grebel
Lawrence B. Grebel   #1041002
*lgrebel@bjpc.com*
BROWN & JAMES, P.C.
1010 Market Street, 20th Floor
St. Louis, Missouri  63101
(314) 421-3400 (Voice)
(314) 421-3128 (Facsimile)
*Attorneys for Defendant*
*City of Bellefontaine Neighbors*

**Certificate of Service**

A copy of the foregoing was filed electronically on July 27, 2010 with the Clerk of the Court to be served by operation of the Court's electronic filing system to:

J. Justin Meehan
Attorney for Plaintiff
2734 Lafayette
St. Louis, MO  63104
*Attorney for Plaintiff*

/s/ Lawrence B. Grebel