**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **TERRELL WILHITE** | ) |
| | ) |
| Plaintiff, | ) Cause #:  10-01190 |
| | ) |
| vs. | ) |
| | ) **PLAINTIFF DEMANDS** |
| **CITY OF BELLEFONTAINE NEIGHBORS** | ) **TRIAL BY JURY** |
| | ) |
| **Serve:  Mayor, City Hall** | ) |
| **City of Bellefontaine Neighbors** | ) |
| **9641 Bellefontaine Rd.** | ) |
| **St. Louis County, MO** | ) |
| | ) |
| and | ) |
| | ) |
| **POLICE OFFICER JOE ST. CLAIR** | ) |
| | ) |
| and | ) |
| | ) |
| **POLICE OFFICER BRYAN SPIELER** | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

## INTRODUCTORY STATEMENT

1.     This is a civil action seeking money damages against the CITY OF

BELLEFONTAINE NEIGHBORS, MISSOURI and POLICE OFFICER JOE ST. CLAIR and

POLICE OFFICER BRYAN SPIELER**,** who are police officers of the Bellefontaine Neighbors

Police Department, for committing acts, under color of law, which deprived Plaintiff of rights

secured under the Constitution and laws of the United States, and for refusing or neglecting to

prevent such deprivations and denials to Plaintiff.  Plaintiff alleges that POLICE OFFICER JOE

ST. CLAIR and POLICE OFFICER BRYAN SPIELER unlawfully stopped and detained

Plaintiff, and used excessive force against Plaintiff and instead of allowing him medical attention

drove Plaintiff to another state and dumped him under a bridge in the middle of the night in violation of Plaintiff's constitutional rights.  Plaintiff alleges that the CITY OF BELLEFONTAINE NEIGHBORS, (hereinafter referred to as "CITY") is liable for Plaintiff's damages because the CITY and the Police Department, under the command and control of the City and Chief of Police Pruett, failed, on a continuing basis, to train, instruct, supervise, control and discipline the officers of the Bellefontaine Neighbors Police Department, including POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER and said failures were a result of official policy or the custom and practice of the CITY and the Bellefontaine Neighbors Police Department, and that said conduct caused the deprivation of Plaintiff's rights secured under the Constitution, the laws of the United States, and the laws of the State of Missouri.

2.      This action is brought pursuant to 42 U.S.C. Section 1983, 1981, 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.  The Court has jurisdiction of this action under 42. U.S.C. Section 1983, 28 U.S.C. Section 1343 and 28 U.S.C. Section 1331.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law, pursuant to 28 U.S.C. Section 1367

## PARTIES

3.      Plaintiff TERRELL WILHITE is a citizen and resident of the City of Bellefontaine Neighbors, County of St. Louis, State of Missouri and the United States of America.  Plaintiff is African-American.

4.      At all times referred to herein POLICE OFFICER JOE ST. CLAIR was an African American police officer of the Bellefontaine Neighbors Police Department, whose last name and DSN are currently unknown at this time and at all times referred to herein was acting under color of law and in such capacity as an agent, servant and employee of the CITY and the

Bellefontaine Neighbors Police Department and was acting under the direction and control of the Bellefontaine Neighbors Police Department and/or Chief of Police and was acting pursuant to either official policy or the custom and practice of the Bellefontaine Neighbors Police Department.

5.      At all times referred to herein POLICE OFFICER BRYAN SPIELER was a white police officer of the Bellefontaine Neighbors Police Department, whose last name and DSN are currently unknown at this time and at all times referred to herein was acting under color of law and in such capacity as an agent, servant and employee of the CITY OF BELLEFONTAINE NEIGHBORS and the Bellefontaine Neighbors Police Department and was acting under the direction and control of the Bellefontaine Neighbors Police Department and/or Chief of Police and was acting pursuant to either official policy or the custom and practice of the Bellefontaine Neighbors Police Department.

6.      Robert Pruett was, at all times referred to herein, Chief of Police for the Bellefontaine Neighbors Police Department and as such, he was the commanding officer of POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER and was responsible for the training, supervision, discipline and conduct of POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER as more fully set forth herein.  Chief Pruett is further responsible for enforcing the regulations of the Bellefontaine Neighbors Police Department and for ensuring that Bellefontaine Neighbors police officers obey the laws of the State of Missouri and the United States of America.  At all times referred to herein, Chief Pruett was acting under color of law and in such capacity as an agent, servant and employee of the CITY, and was acting under the direction and control of the CITY, and was acting pursuant to either official policy or the custom and practice of the Bellefontaine Neighbors Police

3

Department.  Chief Pruett was the policy maker for the Bellefontaine Neighbors Police Department in all matters that are alleged herein.  In the alternative, Chief Pruett participated in the promulgation of policy for the Bellefontaine Neighbors Police Department and was directly responsible for its implementation, in whole or in part.

7.      In the alternative, the CITY, acting by and through elected officials and/or its Mayor, is and was the policymaker for the Bellefontaine Neighbors Police Department in all matters that are alleged herein, with the power and duty to supervise, discipline and control the conduct of POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER.

8.      The CITY OF BELLEFONTAINE NEIGHBORS, MISSOURI (hereinafter "the CITY" or "the Defendant CITY") is a municipal corporation, organized and existing in accordance with the laws of the State of Missouri.

9.      Plaintiff sues POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER in both their individual and official capacities.

10.      At all times referred to herein, the CITY and its agents and servants, including Chief Pruett, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER acted under color of the laws, statues, ordinances, regulations, policies, customs, and usages of the State of Missouri, and the Bellefontaine Neighbors Police Department and pursuant to their authority as Chief of Police and police officers, respectively.

## FACTS

11.      On or about May 2, 2009, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER were on duty as Bellefontaine Neighbors Police Officers when, acting together and in concert

12.     POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER apprehended, beat, tazed and handcuffed TERRELL WILHITE without ever charging him with a crime.

13.     POLICE OFFICER JOE ST. CLAIR took TERRELL WILHITE into the Bellefontaine Neighbors police department without ever charging him with the crime.

14.     POLICE OFFICER JOE ST. CLAIR took TERRELL WILHITE to POLICE OFFICER BRYAN SPIELER who placed him in his police vehicle.

15.     Neither POLICE OFFICER JOE ST. CLAIR nor POLICE OFFICER BRYAN SPIELER allowed medical attention to TERRELL WILHITE although he continually requested same.

16.     POLICE OFFICER BRYAN SPIELER took TERRELL WILHITE across State line to Granite City, Illinois and dumped him under a bridge and left him there despite his medical injuries and pleas for help.

**CAUSE OF ACTION**
**COUNT 1**

**SEIZURE OF PLAINTIFF IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION BY THE USE OF EXCESSIVE FORE BY POLICE OFFICER JOE ST. CLAIR AND POLICE OFFICER BRYAN SPIELER**
**COGNIZABLE UNDER 42 U.S.C. SECTION 1983**

For his cause of action against POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER in Count I, Plaintiff states:

17.     By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs one through 16 of this Complaint as though fully set forth herein.

18.     POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER used unnecessary, unreasonable and excessive force against Plaintiff and thereby caused a

violation of Plaintiff's rights under the Fourth and Fourteenth Amendments when no use of physical force was justified because Plaintiff was not being placed in custody, had not failed to comply with a lawful directive or command of the officers, and had not threatened the officers or anyone else with physical violence.  Therefore, the use of force was unreasonable because it was not necessary for any purpose.

19.     As a direct and proximate result of the afore-described unlawful and malicious physical abuse of Plaintiff by POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER, all committed under color of law and under his authority as a CITY OF BELLEFONTAINE NEIGHBORS police officers, Plaintiff suffered bodily harm and was deprived of his right to be free from unreasonable seizure of his person and the use of excessive force, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Section 1953.

20.     As a direct and proximate result of the malicious, brutal and outrageous conduct of POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER as afore-described, Plaintiff, TERRELL WILHITE was hospitalized for 4 days in Christian Hospital suffered permanent injuries and damages including an injury to him resulting in pain, swelling and limited range of motion.  Plaintiff suffered fear, intimidation, humiliation and emotional distress, and Plaintiff suffered post traumatic stress as a result of the conduct that resulted in deprivation of his Constitutional rights.  Additionally, Plaintiff has suffered special damages in the form of medical and psychological expenses and will suffer additional special damages in the future in an amount which cannot yet be determined.

21.     The acts of POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER as afore-described were intentional, wanton, malicious, oppressive, reckless

and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER.

22.     If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. Section 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER, for compensatory damages in an amount which is fair, just and reasonable under the circumstances, and for punitive damages, plus costs of this action, attorney's fees, and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT II

### SEIZURE IN VIOLATION OF THE FOURTH AMENDMENT BY THE DETENTION OF PLAINTIFF BY DEFENDANTS, POLICE OFFICER JOE ST. CLAIR AND POLICE OFFICER BRYAN SPIELER COGNIZABLE UNDER 42 U.S.C. SECTION 1983

For his cause of action against POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER in Count II, Plaintiff states:

23.     By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs one through 22 of this Complaint as though fully set forth herein.

24.     Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER without probable cause, reasonable suspicion or lawful authority detained Plaintiff.

25.     The detention were and are in violation of the Plaintiff's right to be free from unreasonable seizure secured by the Fourth and the Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. Section 1983.

26.     As a direct and proximate result of the apprehension and detention of Plaintiff as afore-described, Plaintiff has suffered serious physical injuries requiring hospitalization, emotional distress, mental anguish and post traumatic stress.

27.     The acts of POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER as afore-described were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against the individually named Defendant.

28.     If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. Section 1988.

WHEREFORE, Plaintiff prays for judgment against Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER for compensatory damages in an amount which is fair, just and reasonable under the circumstances, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT III

### FAILURE TO INSTRUCT, SUPERVISE, CONTROL AND DISCIPLINE DIRECTED AGAINST THE CITY OF BELLEFONTAINE NEIGHBORS COGNIZABLE UNDER 42 U.S.C. SECTION 1983

For his cause of action against Defendant, CITY OF BELLEFONTAINE NEIGHBORS, (hereinafter referred to as the "CITY") in Count III, Plaintiff states:

29.     By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs one through 28 of this complaint as though fully set forth herein.

30.     There exists with the Bellefontaine Neighbors Police Department policies or customs, practices and usages that are so pervasive that they constitute the policy of the

department, that caused the constitutional deprivations of the Plaintiff as has been fully set forth

herein.

31. The policies, customs, practices and usage that exist and that existed are:

    a. To physically assault, abuse and otherwise use force and excessive force against citizens, without regard for the need for the use of force, or without regard for the legality of its use and/or in a retaliatory or punitive way

    b. To detain citizens without probable cause, reasonable suspicion, or lawful excuse or justification.

    c. To ratify misconduct of police officers by failing to correct or discipline officers who engage in misconduct.

    d. Failing to receive, investigate and sustain complaints of officer misconduct. This is a failure of the duty of the CITY to supervise and control its officers, which empowered to engage in misconduct.

    e. The practice of the officers of the department to protect one another by filing to report misconduct of other officers, known or suspected, and by lying about the incidents of misconduct if asked.  This phenomenon is commonly known as the code of silence.

32. The CITY is vested with the authority and has the duty to screen, train, supervise,

discipline and otherwise control the officers of the Bellefontaine Neighbors Police Department.

The CITY has effectively abrogated or delegated the power to so screen, train, supervise,

discipline and control the officers of the Bellefontaine Neighbors Police Department by failing to

act in the face of transgressions of which the CITY knew or should have known.  As the lawfully

designed policymaking body for the Bellefontaine Neighbors Police Department, the CITY has

the power and responsibility to prevent the existence of the policies and practices as afore-

described and has failed and refused to do so.  The failure of the CITY to act to prevent

constitutionally violative conduct as afore-described caused the constitutional deprivations that

have been suffered by the Plaintiff.

33. The Chief of Police, Robert Pruett is the commander in chief of the police

department and is the highest ranking police officer in the department. He is delegated with the

power and authority to control the conduct of the officers of the Bellefontaine Neighbors Police

Department by the CITY and Chief Pruett has failed and refused to properly train, control, to discipline and to otherwise control the conduct of the officers of the Bellefontaine Neighbors Police Department.

34.    The CITY and/or the Chief of Police are the policymakers for the Bellefontaine Neighbors Police Department and the failure of the CITY and/or Chief Pruett and each of them to affirmatively act in the face of transgressions about which they know or should knew, establishes the policy of the Bellefontaine Neighbors Police Department to condone or otherwise tolerate constitutionally violative conduct in general and specifically the constitutionally violative conduct alleged in this complaint.  Had the CITY and/or the Chief of Police or any of them affirmatively acted to properly screen and/or train the officers of the Bellefontaine Neighbors Police Department or to properly supervise the officers or to discipline officers when the officers conducted themselves in constitutionally volatile ways, the constitutional deprivation of the Plaintiff would not have occurred.

35.    Chief Pruett and the CITY are aware, or should be aware, of the practice of improperly detaining and of using force or using excessive force and "dumping" prisoners in Illinois and of officers lying about the facts of the incident to cover and conceal misconduct, and of the persistent failure and refusal of officers to report violations of the constitution and laws, and when directly questioned about such violations, to lie about the incident.  Nevertheless, the CITY and Chief Pruett did nothing to prevent or stop the practices.

36.    In their failures as afore-described, the CITY and the Chief of Police intentionally disregarded known facts or alternatively were deliberately indifferent to a risk of the constitutional violation of which they knew or should have known and their culpability caused the constitutional violations of the Plaintiff.

37.     As a direct and proximate result of the policies, customs, practices, and usages of the CITY and/or the Chief of Police as afore-described, Plaintiff suffered damages as afore-described.

38.     If Plaintiff prevails, he is entitled to an award of attorney fees pursuant to 42 U.S.C. Section 1988.

WHEREFORE, Plaintiff prays for judgment against Defendant, CITY for compensatory damages in an amount which is fair, just and reasonable under the circumstances, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

### COUNT IV

### ASSAULT AND BATTERY BY DEFENDANTS, POLICE OFFICERS #1 AND POLICE OFFICERS #2 COGNIZABLE UNDER STATE LAW

For his cause of action against POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER in Court IV, Plaintiff states:

39.     By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs one though 38 of this Complaint as though fully set forth herein.

40.     The acts of Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER as afore-described were committed without just cause or provocation, and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehension of bodily harm, constituting an intentional assault and battery against Plaintiff.

41.     As a direct and proximate result of the malicious and outrageous conduct of Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER as afore-described, Plaintiff suffered permanent injuries and damages including an injury to his

hand which caused pain, swelling, and limitation in range of motion, and Plaintiff suffered, anguish, consternation and emotional distress.

42.     As a direct and proximate cause of the acts of Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER as afore-described, Plaintiff suffered special damages in the form of medical expenses and lost earnings and will suffer additional special damages in the future in an amount which cannot yet be determined.

43.     The acts of Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER as afore-described were intentional, wanton, malicious and oppressive, and the result of evil motive or reckless indifference, thus entitling Plaintiff to an award of punitive damages against Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER.

WHEREFORE, Plaintiff prays for judgment against Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER for compensatory damages in an amount which is fair, just and reasonable under the circumstances, and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

## COUNT V

### FALSE ARREST AND FALSE IMPRISONMENT BY DEFENDANTS, POLICE OFFICER JOE ST. CLAIR AND POLICE OFFICER BRYAN SPIELER COGNIZABLE UNDER STATE LAW

44.     By this reference, Plaintiff incorporates each and every allegation and averment contained in paragraphs one through 43 of this Complaint as though fully set forth herein.

45.     Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER at such times as previously set forth herein, intentionally caused the detention

and restraint of Plaintiff against his will without probable cause that Plaintiff had committed any crime.

46.     The conduct of Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER in exercising dominion and control over the freedom of Plaintiff was an intentional restraint of Plaintiff against his will.

47.     As a direct and proximate result of Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER causing the detention and restraint of Plaintiff as afore-described, Plaintiff suffered emotional distress and mental anguish.

48.     The acts of Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER as afore-described were intentional, wanton, malicious and oppressive, and the result of evil motive or reckless indifference, thus entitling Plaintiff to an award of punitive damages against Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER.

WHEREFORE, Plaintiff prays for judgment against Defendants, POLICE OFFICER JOE ST. CLAIR and POLICE OFFICER BRYAN SPIELER for compensatory damages in an amount which is fair and reasonable and for punitive damages, plus costs of this action, attorney's fees and such other relief as the Court deems fair and appropriate under the circumstances.

Respectfully submitted:

 /s/ J Justin Meehan
J. Justin Meehan  #3832
Attorney for Plaintiff
2734 Lafayette
St. Louis, MO 63104
(314) 772-9494
(314) 772-3604 Fax
jjustinmeehan@aol.com

CERTIFICATE OF SERVICE

A copy of the foregoing was mailed on this 15th day of October, 2010 to Lawrence B. Grebel, Brown & James, Attorneys for Defendants, 1010 Market St., 20th FL., St. Louis, MO 63101.

  /s/ J. Justin Meehan
J. JUSTIN MEEHAN  #3832
Attorney for Plaintiff