UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRELL WILHITE, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:10-cv-01190-HEA |
| v. ) | |
| ) | |
| CITY OF BELLEFONTAINE ) | |
| NEIGHBORS, et al. ) | |
| ) | |
| Defendants. ) | |

**ANSWER OF DEFENDANTS JOE ST. CLAIR AND
BRYAN SPIELER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Joe St. Clair and Bryan Spieler state the following for their answer to plaintiff's first amended complaint:

1. Defendants admit that this is a civil action seeking money damages from these defendants and co-defendant City of Bellefontaine Neighbors, that defendants are police officers for the City of Bellefontaine Neighbors, and they act under color of law. Defendants deny the remaining allegations contained in paragraph 1.

2. Defendants admit that plaintiff invokes the statutes and constitutional provisions referenced in paragraph 2, but deny that plaintiff has a basis in law and/or fact for the claims he alleges against defendants.

PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Defendants admit that defendant Joe St. Clair is an African-American police officer for the City of Bellefontaine Neighbors and that he acts under color of law. Defendants

deny the remaining allegations contained in paragraph 4, and further state that defendant St. Clair's race is irrelevant and immaterial.

    5.    Defendants admit that defendant Bryan Spieler is a white police officer for the City of Bellefontaine Neighbors and that he acts under color of law.  Defendants deny the remaining allegations contained in paragraph 5, and further state that defendant Spieler's race is irrelevant and immaterial.

    6.    Defendants admit that defendant Robert Pruitt is the Chief of Police for the City of Bellefontaine Neighbors.  Defendants deny the remaining allegations contained in paragraph 6.

    7.    Defendants deny the allegations contained in paragraph 7.

    8.    Defendants admit the allegations contained in paragraph 8.

    9.    Defendants admit the allegations contained in paragraph 9.

    10.    Defendants admit that defendants Joe St. Clair and Bryan Spieler act under color of law.  Defendants deny the remaining allegations contained in paragraph 10.

## FACTS

    11.    The allegations contained in paragraph 11 appear to be incomplete and therefore defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

    12.    Defendants deny the allegations contained in paragraph 12.

    13.    Defendants deny the allegations contained in paragraph 13.

    14.    Defendants deny the allegations contained in paragraph 14.

    15.    Defendants deny the allegations contained in paragraph 15.

    16.    Defendants deny the allegations contained in paragraph 16.

## COUNT I

17. In paragraph 17, plaintiff incorporates the allegations contained in paragraphs 1 through 16 of the amended complaint. Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants deny the allegations contained in paragraph 20.

21. Defendants deny the allegations contained in paragraph 21.

22. The allegations contained in paragraph 22 amount to a conclusion of law to which defendants are not required to respond. To the extent the allegations contained in paragraph 22 contain any allegation of fact, defendants deny that allegation.

## DEFENSES

1. The amended complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claim against defendants St. Clair and Spieler is barred by the doctrine of qualified immunity, in that whatever conduct, if any, defendants engaged in with reference to plaintiff, was undertaken reasonably and was not in violation of any clearly established right secured for plaintiff by the Constitution of the United States.

3. On information and belief, plaintiff has failed to mitigate whatever damages, if any, plaintiff may have incurred by reason of the matters alleged in the amended complaint.

4. Plaintiff's claim for punitive damages against defendants St. Clair and Spieler violates the rights of defendants St. Clair and Spieler to due process, equal protection, and freedom from unreasonable fines secured for them by the Constitutions of the United States and the State of Missouri.

WHEREFORE, having fully answered Count I of the amended complaint, defendants Joe St. Clair and Bryan Spieler pray this Court dismiss Count I with prejudice, awarding defendants their costs and reasonable attorney fees pursuant to 42 U.S.C. §1988(b), and granting defendants such further relief as this Court deems proper.

## COUNT II

23. In paragraph 23, plaintiff incorporates the allegations contained in paragraphs 1 through 22 of the amended complaint.  Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

24. Defendants deny the allegations contained in paragraph 24.

25. Defendants deny the allegations contained in paragraph 25.

26. Defendants deny the allegations contained in paragraph 26.

27. Defendants deny the allegations contained in paragraph 27.

28. The allegations contained in paragraph 28 amount to a conclusion of law to which defendants are not required to respond.  To the extent the allegations contained in paragraph 22 contain any allegation of fact, defendants deny that allegation

## DEFENSES

1. Defendants reallege and incorporate by reference paragraphs 1 through 4 of the defenses set forth in response to Count I.

WHEREFORE, having fully answered Count II of the amended complaint, defendants Joe St. Clair and Bryan Spieler pray this Court dismiss Count II with prejudice, awarding defendants their costs and reasonable attorney fees pursuant to 42 U.S.C. §1988(b), and granting defendants such further relief as this Court deems proper.

COUNT III

29. The allegations and claim contained in Count III are directed at the City of Bellefontaine Neighbors and accordingly, defendants Joe St. Clair and Bryan Spieler make no response to Count III. To the extent that any allegation of fact contained in paragraphs 29 through 38 of Count III could be construed to pertain to defendants St. Clair and Spieler, defendants deny that allegation and further incorporate by reference paragraphs 1 through 4 of the defenses set forth in response to Count I.

COUNT IV

39. In paragraph 39, plaintiff incorporates the allegations contained in paragraphs 1 through 38 of the amended complaint. Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

43. Defendants deny the allegations contained in paragraph 43.

DEFENSES

1. Defendants reallege and incorporate by reference paragraphs 1, 3, and 4 of the defenses set forth in response to Count I.

2. Defendants did not use more force than was reasonably necessary to arrest plaintiff and take him into custody, and therefore plaintiff's claim is barred by Mo.Rev.Stat. § 544.190.

3. Plaintiff, by his words and/or conduct, consented to whatever force, if any, defendants may have used in order to arrest plaintiff and take him into custody.

5

4.   Plaintiff's claim against defendants St. Clair and Spieler is barred by the doctrine of official immunity, in that whatever actions defendants took with regard to plaintiff were undertaken in the discretionary discharge of their official duties as law enforcement officers.

5.   Defendant St. Clair and Spieler in their official capacities are immune from plaintiff's claim by reason of the doctrine of sovereign immunity.

6.   Defendants St. Clair and Spieler in their official capacities are immune from plaintiff's claim for punitive damages.

WHEREFORE, having fully answered Count IV, defendants Joe St. Clair and Bryan Spieler pray this Court enter its order dismissing Count IV with prejudice at plaintiff's cost and for such further relief as this Court deems proper.

## COUNT V

44.   In paragraph 44, plaintiff incorporates the allegations contained in paragraphs 1 through 43 of the amended complaint.  Defendants reallege and incorporate by reference their answers to the foregoing paragraphs.

45.   Defendants deny the allegations contained in paragraph 45.

46.   Defendants deny the allegations contained in paragraph 46.

47.   Defendants deny the allegations contained in paragraph 47.

48.   Defendants deny the allegations contained in paragraph 48.

## DEFENSES

1.   Defendants reallege and incorporate by reference paragraphs 1 through 6 of the defenses in response to Count IV.

WHEREFORE, having fully answered Count V, defendants Joe St. Clair and Bryan Spieler pray this Court enter its order dismissing Count V with prejudice at plaintiff's cost and for such further relief as this Court deems proper.

>Respectfully submitted,
>
>KING, KREHBIEL, HELLMICH,
>  HACKING & BORBONUS, LLC
>
>By:    */s/ Robert J. Krehbiel*
>ROBERT J. KREHBIEL, #28616MO
>2000 South Hanley Road
>St. Louis, MO 63144-1524
>E-Mail: rkrehbiel@kkhhb.com
>Phone: (314) 646-1110
>FAX: (314) 646-1122
>*Attorneys for Defendants Joe St. Clair and Bryan Spieler*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2010 a copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to J. Justin Meehan, *attorney for plaintiff*, at jjustinmeehan@aol.com and Lawrence B. Grebel, *Attorney for Defendant, City of Bellefontaine Neighbors*, at lgrebel@bjpc.com.

>   */s/ Robert J. Krehbiel*